**MONTENEGRO, THOMPSON, MONTENEGRO & GENZ**
Edward A. Genz, Esq. ID#271101971
531 Burnt Tavern Road
Brick, NJ 08724
(732) 295-4500
Attorneys for Plaintiff, Joseph Fasso

| | |
|---|---|
| **Plaintiff,**<br><br>**JOSEPH FASSO,**<br><br>v.<br><br>**MARRIOTT VACATION CLUB, ARUBA SURF CLUB, ARUBA OCEAN CLUB, MARRIOTT INTERNATIONAL, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, MARRIOTT VACATION CLUB INTERNATIONAL OF ARUBA, N.V., MARRIOTT RESORTS HOSPITALITY OF ARUBA, N.V., LUXURY HOTELS INTERNATIONAL MANAGEMENT OF ARUBA, N.V. JOHN DOE, INC., 1-3, and JOHN DOE 1-15 Individually (presently fictitious and unknown)** | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>CIVIL ACTION NO.<br>3:20-CV-00877-FLW-DEA<br><br>**SECOND AMENDED**<br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, JOSEPH FASSO, residing in the Township of Brick, County of Ocean, State of New Jersey by way of Complaint says:

## FIRST COUNT

1. On or about February 8, 2018, Plaintiff, Joseph Fasso was a business invitee at the property owned and/or operated by the Marriott Vacation Club, Aruba Surf Club and Aruba Ocean Club, Marriott International, Inc., located in Palm Beach, Aruba when Plaintiff, Joseph Fasso was caused to trip and fall over an indentation or ledge in the Defendant(s)' walkway.

2. Prior to and at the place aforesaid, Defendants, Marriott Vacation Club and/or Aruba Surf Club, Aruba Ocean Club, Marriott International, Inc. John Doe 1-3, Inc., and/or John Doe 1-3 individually being (unknown owner(s), operator(s) and/or lessee(s), so carelessly and negligently owned, managed, maintained, operated and/or otherwise controlled the walkway such that it was dangerous and unsafe causing the Plaintiff to fall.

3. As a result of the negligence of the Defendants, joint and severally aforesaid, the Plaintiff, Joseph Fasso fell and suffered temporary and permanent injuries, pain, anguish, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4. As a direct and proximate result thereof, the Plaintiff, Joseph Fasso was damaged and will continue to be hampered in his daily routine.

5. This First Amended Complaint is being filed to correct the pleading to indicate the correct accident date which was February 8, 2018.

**WHEREFORE**, Plaintiff, Joseph Fasso, demands judgment against the Defendants, Marriott Vacation Club and/or Aruba Surf Club, Aruba Ocean Club, Marriott International, Inc. John Doe 1-3, Inc., and/or John Doe 1-3 jointly and severally and in the alternative for damages together with interest, and costs of suit.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as if set forth in full herein.

2. Defendants, John Doe, Inc.1-3 and John Doe 1-3, individually were the employees of the Defendants or are other third parties presently unknown who had the responsibility to make sure the premises were maintained without the tripping hazard aforesaid.

3. As a result of the negligence aforesaid of the Defendants as alleged in this count, the Plaintiff, Joseph Fasso suffered temporary and permanent injuries, pain and anguish and was required to expend money for his medical care, lost income and was otherwise damaged.

4. As a result thereof, the Plaintiff was damaged and continues to be damaged and hampered in his daily routine.

**WHEREFORE**, Plaintiff, Joseph Fasso, demands judgment against the Defendants John Doe, Inc.,1-3 and John Doe 1-3, jointly and severally and in the alternative for damages together with interest and cost of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. Defendant Marriott Vacations Worldwide Corporation and/or its employees John Doe 4-6 negligently owned, operated, managed, maintained and/or was involved with dealing with Plaintiff Joseph Fasso regarding the premises Marriott Aruba Ocean Club so it has liability to him for the negligent maintenance of the premises aforesaid as a tripping hazard which caused the Plaintiff to fall on February 8, 2018.

3. As a result of the negligence of the Defendant, Plaintiff Joseph Fasso sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4. As a result thereof the Plaintiff was damaged and continues to be damaged.

**WHEREFORE,** Plaintiff Joseph Fasso demands Judgment against Defendant Marriott Vacations Worldwide Corporation and John Doe 4-6 jointly, severally and in the alternative for damages together with interest and costs of court.

## FOURTH COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. Defendant Marriott Vacation Club International of Aruba, N.V. and/or its employees John Doe 7-9 negligently owned, operated, managed, maintained and/or was involved with dealing with Plaintiff Joseph Fasso regarding the premises Marriott Aruba Ocean Club so it has liability to him for the negligent maintenance of the premises aforesaid as a tripping hazard which caused the Plaintiff to fall on February 8, 2018.

3. As a result of the negligence of the Defendant, Plaintiff Joseph Fasso sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4. As a result thereof the Plaintiff was damaged and continues to be damaged.

**WHEREFORE,** Plaintiff Joseph Fasso demands Judgment against Defendant Marriott Vacations Vacation Club International of Aruba, N.V. and John Doe 7-9 jointly, severally and in the alternative for damages together with interest and costs of court.

## FIFTH COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. Defendant Marriott Resorts Hospitality of Aruba, N.V. and/or John Doe 10-12 and/or its employees negligently owned, operated, managed, maintained and/or was involved with dealing with Plaintiff Joseph Fasso regarding the premises Marriott Aruba Ocean Club so it has liability to him for the negligent maintenance of the premises aforesaid as a tripping hazard which caused the Plaintiff to fall on February 8, 2018.

3.  As a result of the negligence of the Defendant, Plaintiff Joseph Fasso sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4.  As a result thereof the Plaintiff was damaged and continues to be damaged.

**WHEREFORE,** Plaintiff Joseph Fasso demands Judgment against Defendant Marriott Resorts Hospitality of Aruba, N.V. and/or John Doe 10-12 jointly, severally and in the alternative for damages together with interest and costs of court.

## SIXTH COUNT

1.  Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2.  Defendant Luxury Hotels International Management of Aruba, N.V. and/or John Doe 13-15 and/or its employees negligently owned, operated, managed, maintained and/or was involved with dealing with Plaintiff Joseph Fasso regarding the premises Marriott Aruba Ocean Club so it has liability to him for the negligent maintenance of the premises aforesaid as a tripping hazard which caused the Plaintiff to fall on February 8, 2018.

3.  As a result of the negligence of the Defendant, Plaintiff Joseph Fasso sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4.  As a result thereof the Plaintiff was damaged and continues to be damaged.

**WHEREFORE,** Plaintiff Joseph Fasso demands Judgment against Defendant Luxury Hotels International Management of Aruba, N.V. and/or John Doe 13-15 jointly, severally and in the alternative for damages together with interest and costs of court.

|  |  |
|---|---|
| Dated: December 10, 2020 | MONTENEGRO, THOMPSON<br>MONTENEGRO & GENZ, PC<br>Attorney for the Plaintiff<br><br>BY: _/s/ Edward A. Genz/_<br>EDWARD A. GENZ, ESQ. |

### JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff, pursuant to R. 4:35-1, demands a trial by jury as to all issues.

### CERTIFICATION

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject to any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge and belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties, and the Court, an amended certification if there is a change in the facts stated in this original Certification.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

### NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the Plaintiff hereby demands that the Defendants produce the following documents within thirty (30) days as prescribed by the Rules of Court, Additionally, please be advised that the following requests are ongoing and continuing in nature and the Defendant is, therefore, required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the Defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches, or other reproductions, descriptions or accounts concerning the individuals involved in the accident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronical means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, contracts between the owner of the property or product involved in the incident in question or any of the parties involved in this matter.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

8. Copies of any and all records of any type subpoenaed by the Defendant or received from any other source concerning the Plaintiff or the incident in question.

9. Provide the phone number, address and cell phone carrier of the Defendant together with a copy of the bill for 1 month prior to the accident, the month of the accident and 2 months after the accident.

10. A complete copy of the property damage file for the Defendant's vehicle.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R.4:25-4, **EDWARD A. GENZ, ESQ.,** is hereby designated as trial counsel in the above matter for the firm of Montenegro, Thompson, Montenegro & Genz, P.C., attorneys for the Plaintiff.

## DEMAND FOR INTERROGATORIES

**DEMAND** is hereby made on the Defendants to answer fully and responsively Form C and Form C(1) uniform interrogatories, personal injury, Superior Court, found in Appendix II as provided by R.4:17-1(b)(ii) and the other applicable Rules of Court.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

|  |  |
|---|---|
| Dated: December 10, 2020 | MONTENEGRO, THOMPSON,<br>MONTENEGRO & GENZ, P.C.<br>Attorneys for Plaintiff<br><br>By: *[signature]*<br>EDWARD A. GENZ, ESQ. |